

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN 1

GROVER SELLERS
ATTORNEY GENERAL

Honorable Cullen B. Vance
County Attorney
Jackson County
Edna, Texas

Dear Sir:

Opinion No. 0-6695

Re: Whether a county attorney is entitled to a commission for a claim placed with him by the Commissioners' Court when the Commissioners' Court accepts property in settlement of the claim before a suit can be filed.

Your request for our opinion on the above matter reads as follows:

"Sometime ago Jackson County, the officials of which are compensated on a fee basis, placed with me for collection, and suit if necessary, a claim against a contractor for the rental on certain road machinery and equipment belonging to the County and used by the contractor in connection with a State Highway project in this County. After this matter had been placed with me as County Attorney, I immediately prepared and filed a Mechanic's Lien, and also gave to the State Highway Department the statutory notice of the claim of Jackson County against the contractor for the purpose of establishing a claim under the contractor's bond and impounding the remainder of the money then owing the contractor by the Highway Department, as provided by Article 5160 of the Revised Civil Statutes.

"Sometime later the contractor came before the Commissioners Court and made a settlement of his account owing to the County by selling to the County a piece of his road building equipment for an amount exceeding the claim, the County paying the difference in cash to the contractor. At the time the settlement

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

was made, I was preparing to intervene in behalf of the County in a suit, which I understood had been filed by some of the creditors of the contractor, and had done some work on a trial brief, supplementing a similar brief that I had previously prepared in a similar suit. However, I had not actually filed the suit.

"The proposition on which I would like to have an opinion from your department is whether or not as County Attorney I am entitled to a commission on the amount of the claim against the contractor, under the provisions of Article 335 of the Revised Civil Statutes.

"Thus far I have not presented a bill to the Commissioners Court, and I do not want to do so unless I am clearly entitled to the statutory commission. However, I am sure that the Commissioners Court will make no objection to paying the commission if I am legally entitled to it.

"The whole question, as I view it, depends on an interpretation of the word 'collected' as used in Article 335; and it is difficult for me to devise a rule that will apply in all situations so as to follow the intent of the statute. It occurs to me, however, that, after the Commissioners Court has attempted to collect a claim owing the County and, having failed, places it in the hands of the County Attorney for liquidation, the latter officer is entitled to the statutory commission regardless of how the claim is finally settled. This is the usual interpretation in matters between the attorney and client in private business. Often in private practice a debtor upon being notified by an attorney that he has been employed in the matter of a claim, pays the indebtedness direct to the creditor; but there has never been any question in a situation of this kind but what the attorney employed on a contingent basis is entitled to his fee.

"As I view it, the filing of suit is not essential to earning the commission provided by Article 335; at most it is only evidence that collection was affected by the efforts of the County

Attorney. Moreover, it would seem that it is not necessary that the money collected actually be paid to and received by the County Attorney; for to so hold would deny him any compensation in those instances where he filed suit and obtains judgment and the money is either paid directly to the County or is collected by the Sheriff or other officer under execution or other process. It is, therefore, my conclusion that the word 'collected', as used in Article 335, simply means that liquidation was accomplished by the efforts of the County Attorney after the claim had been placed in his hands.

"In the instant situation the money was not collected by me in the sense that it actually passed through my hands. However, the claim was liquidated through my efforts, and the County accepted property in lieu of money after it had been placed with me as County Attorney for collection, and suit if necessary."

In our opinion No. O-3599, which we here adopt, we had under consideration whether a county attorney who had been directed to bring suit against an individual for damages done to property belonging to the county was entitled to the commissions prescribed by Article 335, Vernon's Annotated Civil Statutes. We there held that, since there was no statute imposing upon the county attorney the duty to represent the county in a suit brought to recover damages done to property belonging to the county, said Article 335 had no application and the county attorney was not entitled to said commissions for his services. It was further held, however, that the Commissioners' Court could legally contract with the county attorney to bring said suit and pay him a reasonable compensation for his said services as may be agreed upon between him and the Commissioners' Court. We enclose herewith a copy of said opinion.

It is our opinion, therefore, that since there is no statute imposing upon you as county attorney the duty to handle the matters set out in your request, you are not entitled to the commissions provided for in said Article 335 of Vernon's Annotated Civil Statutes. You are entitled, however, to be paid such reasonable compensation for your services as may be agreed upon between you and the Commissioners' Court.

We also enclose for your information copies of our opinions Nos. O-5306, O-3656, and O-6534.

Yours very truly,

ATTORNEY-GENERAL OF TEXAS

By _____

Jas. W. Bassett
Assistant

JWD/JCP
Enclosure-4